1  DAVID E. KILLOUGH (State Bar No. 110719)
   VINSON & ELKINS L.L.P.
2  The Terrace 7
   2801 Via Fortuna, Suite 100
3  Austin, TX 78746
   tel: (512) 542-8428
4  fax: (512) 236-3253

5  Attorneys for Plaintiff Advanced Micro Devices, Inc.

**ORIGINAL FILED**

JAN 1 5 2004

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

E-FILING

ADR

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 ADVANCED MICRO DEVICES, INC.,                Case No.

12                        PLAINTIFF,     **C04    00236    MMC**

13 VS.                                    ADVANCED MICRO DEVICES, INC.'S
                                          COMPLAINT FOR DECLARATORY RELIEF
14 INTERGRAPH HARDWARE TECHNOLOGIES                    (PATENT)
   COMPANY,

15                        DEFENDANT.

16

17        As and for its Complaint for Declaratory Relief, plaintiff Advanced Micro Devices,

18 Inc. ("AMD") avers as follows:

19

20                              THE PARTIES

21

22        1.      AMD is a corporation duly organized and existing under the laws of the State

23 of Delaware and its headquarters is within the Northern District of California at One AMD

24 Place, Sunnyvale, California.

25

26        2.      AMD is informed and believes and, based thereon, alleges that defendant

27 Intergraph Hardware Technologies Company ("Intergraph") is a Nevada corporation with

28 its principal place of business in Las Vegas, Nevada, and is formed as a wholly-owned

** TOTAL PAGE.02 **

subsidiary of Intergraph Corporation and charged by Intergraph Corporation with enforcing patents, such as those hereinafter identified, assigned to Intergraph by Intergraph Corporation.

## JURISDICTION AND VENUE

3. This is an action under 28 U.S.C. § 2201(a) seeking a declaratory judgment of non-infringement and invalidity of United States patents, pursuant to 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. §§ 1391(c) and 1400(b).

## INTRA-DISTRICT ASSIGNMENT

5. Pursuant to Local Rule 3-2(c), this action is not subject to this district's Assignment Plan, as this is an intellectual property action.

## FIRST CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY)

6. AMD incorporates herein by reference paragraphs 1 through 5, above.

7. Intergraph claims that it is the owner by assignment of United States Patent Nos. 4,860,192, 4,884,197, 4,899,275, 4,933,835 and 5,091,846 (collectively the "patents-in-suit").

8.      AMD is informed and believes and, based thereon, alleges that Intergraph asserted the patents-in-suit against and later licensed them to Intel Corporation, whose headquarters and principal place of business, AMD is informed and believes, is within this judicial district at 2200 Mission College Blvd., Santa Clara, California.

9.      Intergraph has threatened to sue AMD for alleged infringement of the patents-in-suit.

10.     Intergraph has threatened to sue AMD customers, including AMD customers in this district, for alleged infringement of the patents-in-suit based on those customers' use, offer for resale and/or resale of products purchased from AMD.

11.     Intergraph has sued Hewlett-Packard Company ("HP"), whose headquarters and principal place of business, AMD is informed and believes, is located within this district at 3000 Hanover Street, Palo Alto, California, for alleged infringement of three of the patents-in-suit, and AMD recently learned that Intergraph bases its allegations of infringement against HP, at least in part, on HP's use, offer for sale and/or sale of AMD products incorporated into HP products.

12.     On December 1, 2003, in connection with its action on the three patents-in-suit against HP, Intergraph invoked the jurisdiction of this Court by issuing a subpoena from this Court directed to AMD and seeking to compel AMD to produce to Intergraph information about AMD products, and then Intergraph delivered that subpoena to AMD in this district.

13.     AMD has a reasonable apprehension that Intergraph will initiate an infringement action against AMD on the patents-in-suit if AMD continues to make, use, offer to sell, sell and/or import AMD products Intergraph has accused of infringement.

14.     Neither AMD nor any of its products has infringed or infringes any valid claim of the patents-in-suit.

15.     To the extent any claims of the patents-in-suit could be construed so as to read on any AMD products, those claims are invalid for failure to comply with the requirements and conditions of the patent laws, Title 35 of the United States Code, including, but not limited to, the requirements and conditions for patentability set forth in 35 U.S.C. §§ 102, 103 and 112.

16.     An actual controversy exists between AMD and Intergraph, in that Intergraph alleges that the patents-in-suit are valid and infringed by AMD products and AMD alleges that no claim of the patents-in-suit asserted by Intergraph is valid and/or infringed by AMD products.

**PRAYER**

Wherefore, AMD prays for a judgment as follows:

1.     That the Court declare that AMD has not infringed any valid claim of the patents-in-suit;

2.     That the Court declare that the claims of the patents-in-suit asserted by Intergraph against AMD are invalid;

3.     That AMD be awarded its costs; and

4.     That AMD be awarded such other and further relief as the Court deems just and proper.

Advanced Micro Devices, Inc.'s Complaint For Declaratory Relief

Dated:   January 15, 2004          **VINSON & ELKINS L.L.P.**


By: _____
          David E. Killough
          Attorneys for Plaintiff Advanced Micro Devices, Inc.

Advanced Micro Devices, Inc.'s Complaint For Declaratory Relief

# JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, plaintiff Advanced Micro Devices, Inc. demands a jury trial on all issues triable by a jury.

Dated:    January 15, 2004            **VINSON & ELKINS L.L.P.**

By: _____
        David E. Killough
Attorneys for Plaintiff Advanced Micro Devices, Inc.

Advanced Micro Devices, Inc.'s Complaint For Declaratory Relief

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated:   January 15, 2004        **VINSON & ELKINS L.L.P.**

By: _____
           David E. Killough
    Attorneys for Plaintiff Advanced Micro Devices, Inc.

Advanced Micro Devices, Inc.'s Complaint For Declaratory Relief